# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50035-3-II |
| Respondent, | |
| v. | |
| ARTURO GOMEZ RIOS, | PUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Arturo Gomez Rios appeals the sentencing court's order requiring him to register as a felony firearm offender under RCW 9.41.333. Rios argues that the jury's verdict did not establish that he was convicted of a felony firearm offense because it is unclear if the jury found him guilty of a firearm offense. Because the jury's general verdict is unclear as to the threshold question of whether Rios committed a "felony firearm offense," we hold that the sentencing court erred by applying the discretionary factors and ordering Rios to register as a felony firearm offender. Consequently, we reverse and remand to the sentencing court to strike the requirement that Rios register as a felony firearm offender.

## FACTS

On January 4, 2017, the State charged Rios with second degree assault. Specifically, the information alleged that "on or about December 30, 2016, [Rios] did intentionally assault Jorge Topete with a deadly weapon to wit: a handgun and/or a knife." Clerks Papers (CP) at 1.

At trial, three eyewitnesses testified that Rios assaulted Topete with a firearm. Officer Chad Pearsall, testified that when he arrested Rios, he found a knife on Rios's person, Rios denied

No. 50035-3-II

using a gun, and Rios claimed to "only use a knife." Verbatim Report of Proceedings (VRP) (Feb. 22, 2017) at 62, 66-67. Officer Pearsall's description of the knife was similar in color and shape to the eyewitnesses' descriptions of the firearm used during the assault. No firearm was recovered in the area.

During its closing argument, the State argued that

[defense counsel] may point out to you, as he brought out from the witnesses, that the knife is kind of squared off, too, right. He may suggest to you that it was the knife, not the gun. All right. And so I — I just need to address that briefly. Look at your definition of a deadly weapon because, remember, the charge is assault in the second degree, which means an assault with a deadly weapon, not a gun. A gun is [a] deadly weapon, but it's not the only one. Okay. A gun is always a deadly weapon. Other things can be deadly weapons.

VRP (Feb. 23, 2017) at 143-44. Then, in rebuttal, the State argued that "it doesn't matter if it's a gun or a knife, all right, because either one is a deadly weapon." VRP (Feb. 23, 2017) at 156.

The jury was instructed that to find Rios guilty of second degree assault, it must find that the State proved beyond a reasonable doubt that Rios assaulted Topete with a deadly weapon.[1] The jury returned a general verdict of guilty as charged, but the verdict form did not specify whether the deadly weapon Rios was armed with was a firearm or a knife.

At sentencing, the State requested that the court order Rios to register as a felony firearm offender under RCW 9.41.330. Defense counsel objected and argued that the court should not order Rios to register as a felony firearm offender because the jury's verdict did not indicate whether the jury found that Rios was armed with a firearm during the commission of the crime as

---

[1] The trial court instructed the jury that, "[d]eadly weapon means any weapon, device or instrument, which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily harm. A firearm, whether loaded or unloaded, is a deadly weapon." CP at 44.

2

required under RCW 9.41.330(1). The court ruled that Rios was convicted of a felony firearm offense, ordered him to register as a felony firearm offender, and stated in its ruling that it considered Rios's criminal history and propensity for violence.

Rios appeals the sentencing court's order requiring him to register as a felony firearm offender.

## ANALYSIS

Rios argues that the sentencing court erred by requiring him to register as a felony firearm offender under RCW 9.41.330(1) because the evidence is insufficient to find that he was convicted of a felony firearm offense. We agree.

### I. LEGAL PRINCIPLES

A defendant may be ordered to register as a felony firearm offender under RCW 9.41.333 only if he or she was convicted of a felony firearm offense. RCW 9.41.330(1) provides that "whenever a defendant in this state is convicted of a felony firearm offense . . . the court must consider whether to impose a requirement that the person comply with the registration requirements of RCW 9.41.333 and may, in its discretion, impose such a requirement." A "felony firearm offense" is defined as "[a]ny felony offense that is a violation of [this chapter] . . . [or] [a]ny felony offense if the offender was armed with a firearm in the commission of the offense." Former RCW 9.41.010(8)(a), (e) (LAWS OF 2015 ch. 1, § 2).[2]

---

[2] RCW 9.41.010(10)(a), (e).

## II. REGISTRATION REQUIREMENT NOT SUPPORTED BY VERDICT

Rios argues that the jury's general verdict is not sufficient for the sentencing court to impose a requirement that he register as a felony firearm offender because if the jury found that he was armed with a knife, and not a firearm, as a deadly weapon, then his conviction does not qualify as a felony firearm offense. We agree.

Here, the evidence at trial was that either a knife or a firearm was used in the commission of the crime and the jury returned a general verdict that Rios was guilty of using a deadly weapon in the assault. Further, the prosecutor argued in closing and rebuttal arguments that it did not matter whether Rios was armed with a knife or a firearm, and that either deadly weapon would suffice to find Rios guilty of second degree assault beyond a reasonable doubt. The jury found Rios guilty as charged of second degree assault with a deadly weapon, but it did not find that Rios was armed with a firearm in the commission of the offense. It is unclear from the jury's general verdict whether the jury found that Rios was armed with a firearm or a knife during the commission of the crime.

No. 50035-3-II

Because the jury's general verdict is unclear as to the threshold question of whether Rios committed a "felony firearm offense," we hold that the sentencing court erred by applying the discretionary factors and ordering Rios to register as a felony firearm offender. Consequently, we reverse and remand to the sentencing court to strike the requirement that Rios register as a felony firearm offender.

SUTTON, J.

We concur:

MAXA, C.J.

PRICE, P.T.J.

5