IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>JOHN LAWRENCE BRESLIN III,<br><br>Appellant. | No. 57554-0-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — John L. Breslin III was convicted of a felony violation of a court order for text messages he sent to his ex-girlfriend. Although there was no evidence that Breslin used a firearm for his offense, the trial court's judgment and sentence included a finding that Breslin committed a felony firearm offense and required him to register as a felony firearm offender.

Breslin appeals, arguing the trial court's finding and resulting registration requirement were errors. The State concedes the trial court exceeded its authority. We reverse and remand for the trial court to strike the finding that Breslin committed a felony firearm offense and the requirement that he register as a felony firearm offender.

FACTS

In August 2021, Breslin was served with a temporary order of protection prohibiting him from contacting his ex-girlfriend. Two days later, the ex-girlfriend reported that Breslin had sent her text messages. Law enforcement investigated and confirmed the text messages violated the protection order.

Breslin was charged with one count of a felony violation of a court order under former RCW 26.50.110(5) (2020).[1] There was no allegation that Breslin possessed or used a firearm for his offense. At trial, the jury found Breslin guilty.

Notwithstanding that Breslin did not use or possess a firearm, the trial court entered a judgment and sentence finding that Breslin committed a felony firearm offense and ordered him to register as a felony firearm offender.

ANALYSIS

Breslin argues, and the State concedes, that the trial court exceeded its authority when it made its firearm offense finding and imposed the registration requirement. We agree.

Whether the trial court exceeded its sentencing authority is a question of law we review de novo. *State v. Putman*, 21 Wn. App. 2d 36, 51, 504 P.3d 868, *review denied*, 199 Wn.2d 1023 (2022).

"A defendant may be ordered to register as a felony firearm offender under RCW 9.41.333 only if he or she was convicted of a felony firearm offense." *State v. Rios*, 6 Wn. App. 2d 855, 858, 431 P.3d 1016 (2018). Relevant to this case, a "felony firearm offense" is defined as "[a]ny

---

[1] Breslin stipulated that he had two previous convictions for violating court orders. Former RCW 26.50.110(5) makes violation of a court order a class C felony if the defendant had two previous convictions for violating a court order.

felony offense if the offender was armed with a firearm in the commission of the offense."[2]  RCW 9.41.010(19)(e).[3]

Here, there is no evidence that Breslin was convicted of a felony firearm offense.  The State did not introduce evidence that Breslin was armed when he texted his ex-girlfriend or that he committed any other felony firearm offense relevant to this case.  And the State concedes as much.  Without this evidence, the trial court exceeded its sentencing authority.

CONCLUSION

We reverse and remand for the trial court to strike the finding that Breslin committed a felony firearm offense and the requirement that he register as a felony firearm offender consistent with this opinion.

---

[2] RCW 9.41.010(19) also enumerates that "felony firearm offense[s]" include felony violations under chapter 9.41 RCW ("Firearms and Dangerous Weapons") and other specific offenses, like drive-by shooting (RCW 9A.36.045), theft of a firearm (RCW 9A.56.300), and possessing a stolen firearm (RCW 9A.56.310).  Felony violation of a court order is not a specifically enumerated felony firearm offense.  *See* RCW 9.41.010(19).

[3] Former versions of RCW 9.41.010 were in effect when Breslin committed the court order violation and was sentenced.  Because the language of the relevant provision has not changed, we cite to the current version of the statute.

No. 57554-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

CHE, J.